UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MARICELA ALVARADO,

Plaintiff,

vs().  Case No.:

AFNI, INC., and AT&T Corp.,

Defendants.
_____/

## COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to the FDCPA, and the FCCPA.

3. This action arises out of Defendants' violations of the FDCPA and the FCCPA by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

5. Plaintiff, MARICELA ALVARADO, is a natural person who resides in the City of Hallandale Beach, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant AFNI, INC., (hereinafter "Defendant AFNI") is a collection agency operating from an address of 404 Brock Drive, Bloomington, IL 61701, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant AFNI regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant AFNI regularly collects or attempts to collect debts for other parties.

9. Defendant AFNI was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. Defendant AT&T Corp., (hereinafter "Defendant AT&T") is a collection agency operating from an address of One AT&T Way, Room 4A248, Bedminster, New Jersey 07921, and is a "debt collector" as that term is defined by Florida Statutes § 559.55(6).

11. Defendant AT&T regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

12. Defendant AT&T regularly collects or attempts to collect debts for other parties.

13. Defendant AT&T was acting as a debt collector with respect to the collection of Plaintiff's alleged debt

## FACTUAL ALLEGATIONS

14. Plaintiff never incurred a financial obligation that was allegedly primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Defendant AT&T, subsequently attempted to collect an alleged debt from Plaintiff, which Plaintiff did not owe.

16. Defendant AT&T consigned, placed or otherwise transferred to Defendant AFNI for collection from this Plaintiff.

17. Plaintiff repeatedly told Defendants that she did not owe them money.

18. Defendants knew or should have known that the credit information it communicated was false.

19. Defendants communicated a false debt to the credit agencies, thereby using false representations or deceptive means to attempt to collect the debt.

## SUMMARY

20. The above-described collection communications made by Defendants, and/or a collection employee employed by Defendants, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692e(2), 1692e(8), 1692e(10), 1692f(1), as well as the FCCPA § 559.72(9).

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION
## COUNT 1
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing act and omission of the Defendant AFNI and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

24. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant AFNI for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 2

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant AFNI improperly communicated an amount not permitted by law, mainly, reported an incorrect amount due and owing to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant AFNI for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 3

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant AFNI falsely represented the character and amount of debt that was allegedly owed to Defendant.

29. Defendant AFNI attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8) and 1692e(10)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant AFNI improperly communicated an amount not permitted by law, mainly, reported a debt that was not owing to consumer credit agencies.

32. Defendant's improper discourses to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant AFNI for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 6

## VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendants AFNI and AT&T attempted to enforce a debt that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants AFNI and AT&T for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 7

## VIOLATION OF FCCPA §559.75

35. This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants for:

A) Damages and

B) Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  November 10, 2011			Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff